(164 App. Div. 220)

BARRY et al. v. SILBERSTEIN et al.   (No. 6360.)

(Supreme Court, Appellate Division, First Department.   November 6, 1914.)

1. PLEADING (§ 364*)—DEFENSES—REDUNDANCY.
    Where, in an action to recover the price of merchandise, plaintiffs alleged an offer to arbitrate and defendants' rejection thereof, and such allegation was denied in the first portion of defendants' answer, a second complete defense, alleging that the arbitration agreement was illegal, was redundant, and subject to a motion to strike.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1156–1162; Dec. Dig. § 364.*]

2. PLEADING (§ 22*)—DEFENSES—RELEVANCY.
    Where plaintiffs, as part of their affirmative cause of action for the price of goods sold, pleaded an offer and refusal to arbitrate, and thereby undertook the burden of proving performance on their part of the agreement to arbitrate, a complete defense, alleging that, even though the arbitration agreement was valid, plaintiffs had failed to comply therewith, and that the arbitration had failed through no fault of defendants, was irrelevant.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 45; Dec. Dig. § 22.*]

3. PLEADING (§ 94*)—ANSWER—DENIALS—SEPARATE DEFENSE.
    Where plaintiffs' allegation of performance on their part of an agreement to arbitrate was denied in the main defense in the answer, it was improper to repeat such denials as a separate defense.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 191, 192; Dec. Dig. § 94.*]

Appeal from Special Term, New York County.

Action by Charles D. Barry and others against David Silberstein and others. From an order denying a motion to strike out parts of defendants' answer, plaintiffs appeal. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Leo C. Weiler, of New York City, for appellants.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

DOWLING, J.   Plaintiffs bring this action to recover the agreed purchase price of certain merchandise, consisting of natural straw braid, of the agreed value of $7,500. After the necessary and appropriate allegations to sustain their cause of action, there is a further allegation that the plaintiffs have offered to arbitrate with the defendants any differences arising under the agreements in question (copies of which are attached to the complaint) and in the manner therein provided, but that the said offer has been rejected by the defendant. The answer of the defendants sets forth certain admissions and denials of the averments of the complaint, and then attempts to set up some five separate defenses, whereof the first is a partial defense, the next three are complete defenses, and the last is a complete defense and a counterclaim. Plaintiffs have moved for an order striking out so much of the second and third complete defenses as contain denials of certain averments in the complaint, upon the ground that they are irrelevant and redundant. From the order denying such motion, the present appeal is taken.

[1] We believe the plaintiffs were entitled to the relief which they sought. The second complete defense purports to set up the illegality of the arbitration agreement provided for in the agreements between the parties. So much of the complaint as sets forth plaintiff's offer to arbitrate and defendants' refusal so to do has all been denied in the first portion of the answer. The complete defense does not attempt to set up any facts by which it is claimed the agreements themselves are rendered invalid, but only that the clauses providing for arbitration are in themselves null and void, as ousting the court of jurisdiction, the sole effect of which plea, if successfully urged, would be to make it unnecessary for the plaintiffs to allege or prove compliance with such clauses. This defense, therefore, adds nothing to the denials contained in the main defense, and the repetition of which can benefit the defendants. Such denials in the separate defense have no relevancy to the complete defense attempted to be set up as a second defense, and their inclusion therein makes such defense amount only to a restatement of the principal defense.

[2] The third complete defense sought to be alleged is that, treating the agreement for arbitration as valid and legal, the plaintiffs have failed to comply therewith, in that, having first refused to accept the offer of arbitration thereunder, and thereafter having assented to the same, but no umpire having been chosen by the arbitrators, through no fault of the defendants, the plaintiffs without due cause withdrew from the arbitration and refused to continue therewith, although defendants were and still are ready, able, and willing to continue therein, and duly requested plaintiffs to do so. If these allegations could be supported by appropriate proof, and if the failure of the plaintiffs to duly arbitrate could be established, it would, of course, constitute a defense to the action.

[3] But it is to be noted that the plaintiffs themselves have undertaken the burden of proving performance upon their part with the agreement to arbitrate, and have specifically alleged the same in the complaint, further setting forth the refusal so to arbitrate by the defendants. These allegations of the separate defense contained in the

answer, therefore, are no more than an amplification of the previous denial of the allegations contained in the tenth paragraph of the complaint. In any event, there is no excuse for the inclusion in this third defense of a repetition of the denials contained in the main defense, for the separate defense without these denials would be in itself a complete answer to the plaintiffs' cause of action, and proof of the facts therein set forth would be a bar to the plaintiffs' recovery herein, and that without any denial of the averments of the complaint.

It follows, therefore, that the order appealed from must be reversed, with $10 costs and disbursements, and the motion to strike out paragraphs 9 and 11 from the second and third complete defenses granted, with $10 costs. All concur.